

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

THERESA HANLON and KEVIN HANLON,

                    Plaintiffs,                    CV-07-1737 (SJF)(AKT)

    -against-

                                                         **OPINION & ORDER**

GLIATECH, INC.,

                    Defendant.
----------------------------------------------------------X

FEUERSTEIN, J.

On April 27, 2007, plaintiffs Theresa Hanlon ("Theresa") and Kevin Hanlon ("Kevin") (collectively, "plaintiffs"), commenced this action against defendant Gliatech, Inc. ("defendant"), pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332(a), asserting claims, *inter alia*, for negligence, strict product liability, breach of implied and express warranties, and fraudulent misrepresentations. Defendant now moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint. For the reasons stated herein, defendant's motion is granted in part and denied in part.

I.      Background[1]

    A.      Factual Background

Plaintiffs are residents of the State of New York, County of Nassau. (Complaint

---

[1] As is required on a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations in the complaint, though disputed by defendant, are accepted to be true for purposes of this motion, and all reasonable inferences are drawn therefrom in favor of plaintiffs. They do not constitute findings of fact by this court.

[Compl.], ¶¶ 1, 5(a)). Defendant is a Delaware corporation with its principal place of business in Cleveland, Ohio. (Compl., ¶¶ 1, 5(b)). Defendant designed, manufactured, marketed, advertised, distributed and sold ADCON-L "surgical glue," (Compl., ¶¶ 3, 6, 8; Answer, ¶ 6), which defendant describes as an "adhesion control in a barrier gel." (Answer, ¶ 3).

In or about November 1998, Theresa commenced treatment with Alan Rosenthal, M.D. (Compl., ¶¶ 2, 7). On November 25, 1998, Dr. Rosenthal applied ADCON-L surgical glue to Theresa's spine during spinal surgery. (Compl. ¶¶ 2, 8). Plaintiffs allege that Theresa "was caused to sustain a severe reaction as a result of having ADCON-L applied to her spine which adverse reaction caused her to seek and obtain ongoing medical and hospital care and treatment." (Compl., ¶ 9). Specifically, plaintiffs allege that Theresa suffered from a cerebralspinal fluid (CSF) leak following the surgery. Plaintiffs admit that Theresa learned of the CSF leak in December 1998. (Affirmation in Opposition [Aff. Opp.], ¶¶ 5, 10).

B. Procedural History

On April 27, 2007, plaintiffs commenced this action against defendant asserting causes of actions for negligence (first cause of action), strict liability in tort (second cause of action), breach of implied and express warranties (the third and fourth causes of action, respectively), fraud and fraudulent misrepresentation (the fifth cause of action) and a spousal derivative claim (the sixth cause of action).[2]

---

[2] On May 9, 2002, prior to the commencement of this action, defendant filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. (Answer, ¶ 1). By order entered April 5, 2007, the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division (Morgenstern-Clarren, J.) granted plaintiffs' motion for relief from the automatic bankruptcy stay and lifted the automatic stay to permit plaintiffs to pursue this action. (Compl.,

2

Defendant moves to dismiss the complaint on the basis that all of plaintiffs' claims were barred by the applicable statute of limitations prior to the date that defendant filed for bankruptcy protection.

II.  Discussion

   A.  Standard of Review

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See, Cargo Partner AG v. Albatrans, Inc., 352 F.3d 41, 44 (2d Cir. 2003); see also Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007). The Court must limit itself to the facts alleged in the complaint, which are accepted as true, to any documents attached to the complaint as exhibits or incorporated by reference therein, to matters of which judicial notice may be taken, or to documents within plaintiff's possession or of which plaintiffs had knowledge and relied on in bringing suit. See, Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993). Accordingly, I have not considered the extraneous material improperly submitted by defendant on its motion to dismiss. See, e.g. Friedl v. City of New York, 210 F.3d 79, 93 (2d Cir. 2000) (holding that when matters outside the pleadings are presented on a Rule 12(b)(6) motion, a district court must either exclude the extraneous material and decide the

---

Ex. A).

motion on the complaint alone, or convert the motion to one for summary judgment pursuant to Rule 56 and afford all parties the opportunity to present supporting materials).

B. Statute of Limitations

"Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply the New York choice-of-law rules and statutes of limitations." Stuart v. American Cyanamid Co., 158 F.3d 622, 626-627 (2d Cir. 1998) (citing Guaranty Trust Co. v. York, 326 U.S. 99, 108-109, 65 S.Ct. 1464, 89 L.Ed.2d 2079 (1945)). Accordingly, New York's statutes of limitations are applicable to plaintiffs' claims.

1. Negligence and Strict Liability Claims

N.Y. C.P.L.R. § 214(5) provides that an action to recover damages for personal injury must be commenced within three (3) years. N.Y. C.P.L.R. § 214-c(2) provides, in pertinent part:

> "Notwithstanding the provisions of section 214, the three year period within which an action to recover damages for personal injury * * * caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within the body * * * must be commenced shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier.

Since plaintiff admittedly discovered the CSF leak as early as December 1998, plaintiff's negligence and strict liability tort claims, which seek to recover damages for personal injury, should have been commenced prior to December 31, 2001. Plaintiffs admit that their negligence and strict liability claims "would have expired, at the earliest, in January of 2002," (Aff. Opp., ¶

4

6), prior to the date defendant filed for bankruptcy protection, but argue that their fraud and breach of warranty causes of action are not time-barred and are so "wholly intertwined with the personal injury claim[s]" that those claims "receive[] the benefit of the longer statute of limitations period." (Aff. Opp. ¶¶ 6-7). Notably, plaintiffs do not cite to any statute or case law in support of their position and, in fact, as set forth below, the law in New York is to the contrary. Accordingly, plaintiff's negligence and strict liability tort claims were time-barred as of the time defendant filed for bankruptcy protection and, thus, the bankruptcy filing did not toll the already expired limitations period. Therefore, plaintiff's first and second causes of action are dismissed as time-barred.

2.  Fraud Claim

In their fifth cause of action, plaintiffs allege that defendant "made false and fraudulent misrepresentations to [Theresa], her physicians, and the general public, including, but not limited to, representations that ADCON-L was safe, fit and effective for use in the human body;" that defendant "fraudulently deceived [Theresa], her physicians, and the general public as to the health risks and consequences of [ADCON-L] when utilized in the human body;" that defendant's representations were false; that defendant knew the misrepresentations to be false and made them "with the intent to defraud and deceive [Theresa], physicians and the general public, with the intent to induce [Theresa] and her physicians to use ADCON-L as a surgical glue"; that Theresa was unaware of the falsity of defendant's misrepresentations; that Theresa reasonably relied on defendant's misrepresentations; and that as a result of defendant's misrepresentations, Theresa "suffered severe and grievous permanent injuries." (Compl., ¶¶ 41-

5

47). Plaintiffs seeks compensatory and punitive damages on this claim. (Compl., ¶ 48).

In New York, an action based upon fraud must be commenced within six (6) years from the date the cause of action accrued, or two (2) years from the time the fraud is discovered or could have been discovered with reasonable diligence, whichever period is greater. N.Y. C.P.L.R. § 213(8).

"Generally, the choice of applicable Statute of Limitations is properly related to the remedy rather than to the theory of liability." Powers Mercantile Corp. v. Feinberg, 109 A.D.2d 117, 120, 490 N.Y.S.2d 190 (1st Dept. 1985), aff'd, 67 N.Y.2d 981, 502 N.Y.S.2d 1001, 494 N.E.2d 106 (1986) (internal quotations and citations omitted). "[W]here an allegation of fraud is not essential to the cause of action pleaded except as an answer to an anticipated defense of statute of limitations, courts 'look for the reality, and the essence of the action and not its mere name.'" Id. (quoting Brick v. Cohn-Hall-Marx Co., 276 N.Y. 259, 264, 11 N.E.2d 902 (1937)). "[C]ourts will not apply the fraud statute of limitations if the fraud allegation is only incidental to the claim asserted; otherwise fraud would be used as a means to litigate stale claims." Id. Rather, the six (6) year fraud statute of limitations "is only applicable when there would be no injury but for the fraud." New York Seven-Up Bottling Co., Inc. v. Dow Chemical Co., 96 A.D.2d 1051, 1052-1053, 466 N.Y.S.2d 478 (2d Dept. 1983), aff'd, 61 N.Y.2d 828, 473 N.Y.S.2d 973, 462 N.E.2d 150 (1984); see also Corcoran v. New York Power Authority, 202 F.3d 530, 545 (2d Cir. 1999) (holding that under New York law, a fraud action is not incidental only when (1) the fraud occurred separately from and subsequent to the injury forming the basis for the alternate claim; and (2) the injuries caused by the fraud are distinct from the injuries cause by the alternate claim).

6

Plaintiffs' allegations of fraud are only incidental to their personal injury claims. See, e.g. New York Seven-Up, 96 A.D.2d at 1053, 466 N.Y.S.2d 478 (holding that since defendant's alleged fraud consisted of representations made while marketing its allegedly defective product, such allegations were only incidental to the plaintiff's cause of action sounding in products liability); Larkins v. Glaxo Wellcome, Inc., No. CV-98-4960, 1999 WL 360204, at * 9 (E.D.N.Y. May 20, 1999) (holding that New York courts have consistently held that, where the gist of the wrong alleged is an injury resulting from negligence or strict product liability, a plaintiff cannot avoid the three year statute of limitations by alleging a cause of action for fraud). If the allegations of the complaint are true, the damages incurred by plaintiffs were the product of defendant's negligence and design or manufacture of a defective product, not of defendant's fraud. The fraud of defendant in representing that its product was "safe, fit and effective for use in the human body," (Compl., ¶ 41), "did not result in the infliction of any additional damages over and above the damages to which [plaintiffs] would be entitled were they to prevail on their negligence [and strict liability in tort] causes of action." Ruffing v. Union Carbide Corp., 308 A.D.2d 526, 528, 764 N.Y.S.2d 462 (2d Dept. 2003); see also New York Seven-Up, 96 A.D.2d at 1053, 466 N.Y.S.2d 478 (holding that the plaintiff could not invoke the longer fraud period of limitations where the genesis of its claim was that it was injured by a defective product). Since plaintiffs' alleged damages for their claimed personal injuries are the same with or without the allegations of fraud, the only purpose to be served by the fraud cause of action is to avoid the statute of limitations on their personal injury claims, which had expired prior to defendant's seeking bankruptcy protection. See, e.g. Brick, 276 N.Y. at 264, 11 N.E.2d 902; Antone v. General Motors Corp., Buick Motor Div., 64 N.Y.2d 20, 32, 484 N.Y.S.2d 514, 473 N.E.2d 742

(1984) (affirming the denial of plaintiff's motion for leave to amend the complaint to assert a fraudulent concealment claim where the only purpose for asserting that claim would be to circumvent the statute of limitations which barred the plaintiff's claims based on negligence and strict products liability). The fraud cause of action "does not change the nature of the action * * * from an action [seeking to recover damages for personal injury] to an action upon fraud within the meaning and purpose of [the] Statute of Limitations." Brick, 276 N.Y. at 264, 11 N.E.2d 902. Accordingly, plaintiffs' fifth cause of action is dismissed as time-barred.

### 3. Warranty Claims

Defendant contends that plaintiffs' warranty claims should be dismissed as only incidental to their personal injury claims sounding in negligence and product liability. However, unlike fraud claims seeking to recover damages for personal injury caused by an allegedly defective product, New York specifically recognizes separate causes of action for breach of implied and express warranty in such cases. N.Y. U.C.C. § 2-313, *et seq*; see, e.g. Whitney v. Agway Inc., 238 A.D.2d 782, 785, 656 N.Y.S.2d 455 (3d Dept. 1997) (finding that the trial court erred in dismissing the plaintiffs' breach of warranty claims pursuant to the three year statute of limitations for personal injury claims since the breach of warranty claims are governed by the four year limitations period in N.Y. U.C.C. § 2-725).

Contrary to defendant's contention, where "a defective product has been the cause of personal injury and the action is brought more than three years after the injuries are sustained, thus barring recovery upon the theories of negligence and strict liability, the injured person, within the purview of section 2-318 of the Uniform Commercial Code, has a viable cause of

8

action based upon implied warranty within a period of four years after the cause of action has accrued (Uniform Commercial Code, § 2-725, subd. [1])." McGregor v. J. & L. Adikes, Inc., 112 A.D.2d 204, 491 N.Y.S.2d 426 (2d Dept. 1985) (citing Doyle v. Happy Tumbler Wash-O-Mat, Inc., 90 A.D.2d 366, 370, 457 N.Y.S.2d 85 (2d Dept. 1982)). Claims for breach of implied and express warranties in New York are governed by a four (4) year statute of limitations, measured from the tender of delivery of the goods. N.Y. U.C.C. § 2-725(1); see Heller v. U.S. Suzuki Motor Corp., 64 N.Y.2d 407, 488 N.Y.S.2d 132, 477 N.E.2d 434 (1985). The statute of limitations for a breach of warranty claim, whether implied or express, begins to run at the time the product is placed in the stream of commerce or at the time of the original sale of the good by the manufacturer, regardless of when the injury was sustained. Schrader v. Sunnyside Corp., 297 A.D.2d 369, 371, 747 N.Y.S.2d 26 (2d Dept. 2002); Doyle, 90 A.D.2d at 370, 457 N.Y.S.2d 85.

The parties do not identify the date of sale of the ALCON-L by defendant. If the ALCON-L was delivered immediately prior to Theresa's surgery in November 1998, or, indeed, anytime on or after May 8, 1998, than plaintiffs' implied and express warranty claims would not be time-barred. If the ALCON-L was delivered prior to May 8, 1998, than those claims are time-barred. Accordingly, the branch of defendant's motion seeking dismissal of plaintiffs' third and fourth causes of action is denied without prejudice to renewal to establish the date the ALCON-L was sold and delivered.

4.      Derivative Claim

"[A] loss of consortium * * * cause of action * * * is governed by the same period of limitations which controls the underlying cause of action." Rothfarb v. Brookdale Hosp., 139

A.D.2d 720, 527 N.Y.S.2d 473, 475 (2d Dept. 1988). Since Theresa may have viable causes of action for breach of implied and express warranties, Kevin's derivative claim likewise survives dismissal at this stage. Cf. Paisley v. Coin Device Corp., 5 A.D.3d 748, 749, 773 N.Y.S.2d 582 (2d Dept. 2004) (holding that the dismissal of the primary causes of action necessitates dismissal of the loss of consortium claim, which is derivative in nature, as well); Holmes v. City of New Rochelle, 190 A.D.2d 713, 714, 593 N.Y.S.2d 320 (2d Dept. 1993) (accord).

III. Conclusion

For the reasons stated herein, the branches of defendant's motion seeking dismissal of plaintiffs' negligence, strict product liability and fraud claims (first, second and fifth causes of action) are granted and those claims are dismissed as time-barred; and the motion is otherwise denied without prejudice. The parties are directed to appear at 1010 Federal Plaza, Central Islip, New York on November 12, 2008, at 11:30 a.m. for a settlement and/or scheduling conference with authority or persons with authority to resolve this action. Further, the parties are directed to engage in good faith settlement negotiations prior to the conference.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: October 27, 2008
Central Islip, N.Y.

Copies to:

Radna & Androsiglio
67 Wall Street, 22nd Floor
New York, New York 10005
Attn: Robert G. Androsiglio, Esq.

Harris Beach, LLP
100 Wall Street, 23rd Floor
New York, New York 10005
Attn: Judi Abbott Curry, Esq.